UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM E. CALDWELL, | ) | |
| Petitioner, | ) | 3:05-cv-0039-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| Respondents. | ) | |

On October 26, 2005, the Court entered an Order dismissing the habeas corpus petition in this case (docket #16). Judgment was entered on the same day (docket #17).

On November 22, 2005, petitioner filed an Application for Certificate of Appealability (docket #19), and a Notice of Appeal (docket #18). Respondents have filed an opposition to the application for a certificate of appealability (docket #21).

Petitioner was permitted leave to proceed *in forma pauperis* in pursuit of this petition and, thus, shall be permitted to pursue his appeal without paying the filing fee.

The Court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court finds that petitioner has not met this standard.

The Court finds that jurists of reason would not find debatable the question whether petitioner's habeas corpus petition was filed within the time allowed by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) or that his belated arguments for equitable tolling are persuasive.[1]

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion allowing respondents' counsel to obtain copies of the exhibits from the court record (docket #20) is **DENIED**.

Dated this 10th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] At this late juncture, petitioner argues that his counsel's bad advice, ill-health and delay in forwarding the criminal record and file played some role in his untimely filing. These arguments were not made before dismissal of his petition and do not account for sufficient time to save the petition in any case.